[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S TAX APPEAL
The defendant has moved to dismiss the plaintiff's tax appeal taken under provisions of Gen. Stat. 12-118, because the principal and surety on the bond and recognizance attached to the process bound themselves to "the Board of Tax Review of the City of Milford" rather than simply to the City of Milford. The defendant contends that although the City was cited to appear, the bond and recognizance to the Board of Tax Review of the City of Milford was deficiently supplied to "an entity that is not even a party to the action." Because the court finds that what was filed meets the statutory bond or recognizance requirements of 12-118 of the General Statutes for the first count and 12-119 which is the theory pled in the second count requires no such bond or recognizance at all, the motion to dismiss is denied. CT Page 289
The court rejects the premise of defendant's argument that the Board of Tax Review is an entity separate and distinct from the Town of Milford and that therefore a bond or recognizance to the Board of Tax Review of the City of Milford did not meet the requirements of the statute.
The Board of Appeals is merely one of the agencies by which the City of Milford conducts its business and its members are agents of the City. Montgomery v. Branford, 107 Conn. 699; the Board of Appeals is not an independent body. Montgomery, supra, 700.
Certain enabling laws providing for provision of services within a given municipality authorize creation of a separate body politic and corporate, distinct from the municipal corporation having its bounds within the same territorial limits. For example,8-40 of the General Statutes authorizing creation of municipal housing authorities, permits a town to establish a separate "body corporate and politic" known as a Housing Authority. In contrast, boards of tax review are not possessed of any legal existence separate from the municipality which they serve and are a part of. No statute confers any separate corporate status upon them. When one takes an appeal from the refusal of a Board of Tax Review to reduce the valuation of the assessment under provisions of 12-118, the City is the named defendant and the appeal is from the failure to reduce an assessment by the City's Board of Tax Review. The purpose of the bond or recognizance is to indemnify the City in the bond amount if the plaintiff should fail to prosecute the action to full effect in accordance with the orders of the court. If the plaintiff should not so prosecute and prevail, the bond or recognizance would require payment to the Board of Tax Review of the City of Milford, a board which has no independent corporate status distinct from the City. The sum to be paid would have to inure to the benefit of the general fund of the City.
The City of Milford is no less the obligee on the bond by virtue of prefixing a particular agency of it whose action is appealed from before the name of the City to which the principal and surety are binding themselves on condition.
For all these reasons, the court is of the opinion that the statutorily required bond is legally sufficient, since if the condition of the bond is not fulfilled, the payment by the principal or surety under it will go to the benefit of the City CT Page 290 which is the defendant in the case which the statute contemplates will be indemnified.
As to the second count, the complaint plainly pleads a violation of 12-119 of the General Statutes claiming that the assessment was manifestly excessive and could only have been arrived at by disregarding provisions of the General Statutes for determining property value. Gen. Stat. 12-119 requires no such bond or recognizance of the plaintiff.
For all of these reasons, the City's motion to dismiss is denied.
Flynn, J.